
1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO TOLENTINO,<br><br>                      Petitioner,<br><br>v.<br><br>CHANCE ANDES, et al.,<br><br>                     Respondents. | Case No.:  25-cv-01687-CAB-MMP<br><br>**ORDER DENYING AS MOOT MOTION TO STAY**<br><br>[ECF No. 5] |

On June 30, 2025, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 against Respondent Chance Andes, Warden. ECF No 1.

In an Order issued on July 8, 2025, the Court granted Petitioner's motion to proceed in forma pauperis and notified Petitioner the Petition as currently drafted was subject to dismissal for failure to allege exhaustion of state court remedies. ECF No. 4. The Court instructed Petitioner to avoid a future dismissal for presenting a petition with only unexhausted claims, Petitioner must notify the Court of his choice to either: (1) demonstrate exhaustion, (2) voluntarily dismiss the petition, or (3) file a motion to stay the federal proceedings. *Id.* On July 24, 2025, Petitioner elected the third option and filed a response to the Court's July 8, 2025 Order, entitled "Motion To Stay The Federal Proceedings In This Court," in which he "requests an order granting the staying of this

federal proceeding pending the state exhaustion." ECF Nos. 5 at 1, 3; 6. Respondent filed an Opposition. ECF No. 9. On September 12, 2025, Petitioner filed a Reply, requesting the Court deny the Motion to Stay and Abey after the California Supreme Court denied his petition for review, as well as a request for leave to amend his original petition. ECF No. 10.

Currently before this Court are Petitioner's Motion to Stay and Abey and request to file a first amended petition. ECF Nos. 5, 6, 10. This Court has carefully considered these documents, as well as Respondent's opposition, and the record as a whole. Based thereon, and for the reasons set forth below, the Court **DENIES** the Request for Stay and Abeyance Order as Moot.

## I.    BACKGROUND

Petitioner was convicted in the Superior Court of California for the County of Imperial of first-degree murder with a firearm enhancement and other related charges and sentenced to thirty-five years to life. ECF No. 6 at 10. Petitioner filed a direct appeal in the Fourth District Court of Appeal, Division I and the California Supreme Court, where both courts affirmed the Superior Court's ruling on conviction and sentence. ECF No. 6 at 11. Petitioner's appeal challenged the denial of a *Marsden*[1] motion, where Petitioner sought to relieve his appointed counsel due to inadequate representation and "irreconcilable conflict." *Id.* The Fourth District Court of Appeal, Division I determined the trial court did not abuse its discretion by denying the *Marsden* motion. *Id.*

Petitioner then sought a writ of habeas corpus in the Superior Court of California for the County of Imperial, alleging ineffective assistance of trial and appellate counsel, denial of his right to self-representation, and a conflict of interest involving his trial counsel. The Superior Court denied the Petition on April 16, 2025. ECF No. 6 at 10. Petitioner then filed

---

[1] *People v. Marsden*, 2 Cal.3d 118 (1970).

his petition with the California Court of Appeal, which denied the Petition on June 17, 2025. *Id.* at 16, 19.

Petitioner filed the instant writ of habeas corpus in federal court on June 30, 2025. ECF No. 1.

On July 7, 2025, Petitioner filed his petition with the California Supreme Court. ECF No. 13-1 at 1. At the time Petitioner filed the federal habeas petition and subsequently moved to stay pending exhaustion, the California Supreme Court had not ruled on his state court habeas petition. ECF No. 1 at 16 ¶ 24. The California Supreme Court denied the petition on August 20, 2025, while the instant motion to stay was pending. ECF No. 10 at 4.[2]

## II.    DISCUSSION

### A.    Magistrate Judge Authority

In habeas cases, magistrate judges may hear and determine nondispositive matters, but not dispositive matters. *Hunt v. Pliler*, 384 F.3d 1118, 1123 (9th Cir. 2004). "[W]here the denial of a motion to stay is effectively a denial of the ultimate relief sought, such a motion is considered dispositive, and a magistrate judge lacks the authority to 'determine' the matter." *Mitchell v. Valenzuela*, 791 F.3d 1166, 1170 (9th Cir. 2015) (citing *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013)). "By contrast, a motion to stay is nondispositive where it '[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought.'" *Id.* (citing *CMKM Diamonds*, 729 F.3d at 1260). Here, the denial of Petitioner's motion to stay and to file a first amended petition as moot would not dispose of any claims or defenses or deny the ultimate relief sought by Petitioner. Accordingly, the motion to stay is nondispositive, and this Court has the authority to decide it without the need for a report and recommendation to the district judge.

---

[2] Though Petitioner did not initially file a copy of his habeas petition filed with the California Supreme Court, the Court required Respondent to do so. ECF Nos. 11, 13.

*Beason v. Samuel*, No. 21-cv-2052-GPC-RBB, 2022 WL 686961, at *2 (S.D. Cal. Mar. 7, 2022).

### B.    Motion to Stay

Petitioner filed the instant motion to stay his federal habeas petition pending the California Supreme Court's ruling on his state habeas petition. ECF No. 5. The purpose of the motion is to permit a habeas petitioner to return to state court to exhaust his federal claims, a prerequisite to a federal court's review of the petition. *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005).

"A federal court may not consider a petition for habeas corpus unless the petitioner has first presented his federal claims to the state courts, thereby 'exhausting' them." *Evans v. Tilton*, No. 07-cv-791-JM-BLM, 2008 WL 205231 at *3 (Jan. 23, 2008) (citing 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 522 (1982)). "The exhaustion requirement is founded on federal-state comity, as only when the state court has been presented with the claim may it 'pass on and correct alleged violations of its prisoners' federal rights.'" *Evans*, 2008 WL 205231 at *3 (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (quotes and citations omitted)). Exhaustion is required to prevent the disruption of state judicial proceedings, *Rose*, 455 U.S. at 522, and to "economiz[e] scare federal judicial resources." *Jennison v. Goldsmith*, 940 F.2d 1308, 1311 (9th Cir. 1991) (citation omitted).

Here, Petitioner filed his motion to stay pending the California Supreme Court's consideration of his habeas petition. ECF No. 6 at 3. Since Petitioner filed his motion to stay, the California Supreme Court has ruled on the state court petition, summarily denying his claims on August 20, 2025. ECF No. 10 at 4.

"The question [before this Court] is therefore whether the California Supreme Court's ruling served to fully exhaust the claims Petitioner alleges in his federal habeas petition, or whether unexhausted claims remain." *Evans*, 2008 WL 205231 at *3. *See also McGrail v. Becerra*, No. 18-cv-3642-JVS-SS, 2019 WL 4266814 at *3 (C.D. Cal. Jan. 14, 2019). "If Petitioner's federal claims have already been 'passed on' by the state court, and are thus exhausted, he no longer needs more time to return to state court. In that case, the

motion to stay would be moot." *Evans*, 2008 WL 205231 at *3; *see also Stamps v. Cate*, No. 11-cv-2048-LAB-WMc, 2012 WL 3076408 at *3 (S.D. Cal. July 30, 2012). However, if unexhausted claims remain in the federal petition, then this Court must assess the motion to stay regarding those claims.

"To determine whether the motion to stay is moot, this Court must make a side-by-side comparison of the federal claims alleged in the federal petition with those of the state petition, to see whether they were exhausted in the California Supreme Court." *Evans*, 2008 WL 205231 at *4.

### 1. Legal Standard

Exhaustion of a habeas petitioner's federal claims requires they have been "fairly presented" in each appropriate state court, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In California, this generally entails direct or collateral presentation to both the lower courts of appeal and the state supreme court, though presentation to the state supreme court alone may suffice. *Rieger v. Christensen*, 789 F.2d 1425, 1427 (9th Cir. 1987); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). Here, this procedural requirement was met when Petitioner's claims were denied by the California Court of Appeal, followed by the California Supreme Court. ECF Nos. 6 at 16–19; 10 at 4.

However, claims are not exhausted by mere presentation to the state appellate system. A petitioner must also "alert[] [the state] court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29. A petitioner may indicate a federal claim by citing the source of federal law he relies upon, or by merely labeling the claim as "federal." *Id.* at 32. If state remedies have not been exhausted with respect to any of the federal claims, the habeas petition typically should be dismissed. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989).

Claims articulated in a federal habeas petition also must be the "substantial equivalent" of those previously presented to the state courts. *Schiers v. People*, 333 F.2d 173, 174 (9th Cir. 1964). This requirement applies to both the factual and legal bases of a claim. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

"The requirement of substantial equivalency is not rigid, and the state habeas petition may be exhausted even when it does not spell out each syllable of the federal claim." *Patton v. Beard*, 14-cv-569-BEN-BLM, 2015 WL 1812811 at *2 (S.D. Cal. Apr. 20, 2015) (citing *Delgado v. Lewis*, 181 F.3d. 1087, 1091 (9th Cir. 1999) (vacated and remanded on other grounds, 528 U.S. 1122 (2000))). Furthermore, arguments presented to the federal court can be supplemented with evidence not provided to the state court, as long as the additional information does not "fundamentally alter" the claim. *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986).

2.   <u>Petitioner Presents the Same Habeas Corpus Allegations in His Federal and State Petitions</u>

In his State Court writ for habeas corpus, Petitioner alleged (a) denial of right to self-representation, (b) ineffective assistance of trial counsel, (c) ineffective assistance of appellate counsel, and (d) a conflict of interest involving his trial counsel. ECF Nos. 6 at 11, 13-1 at 4–6. Looking to Petitioner's federal allegations asserted in the Petition, the Court finds they closely mirror the State allegations.

First, Petitioner alleged under *Faretta*, the trial court erred in denying his request to represent himself. *Faretta v. California*, 422 U.S. 806 (1975). ECF Nos. 6 at 12, 13-1 at 5, 11. The trial court had denied the request as untimely. ECF No. 6 at 24. In the federal allegations, Petitioner also asserts the trial court abused its discretion in denying his motion to represent himself under *Faretta*. ECF No. 1 at 6. Furthermore, Petitioner asserts he sought to represent himself for the purpose of "making a motion to withdraw his plea" to first degree murder with a firearm enhancement. *Id.*

Second, Petitioner alleged ineffective assistance of trial counsel where trial counsel failed to conduct a reasonable pre-trial investigation. ECF No. 6 at 11, 13-1 at 4. Petitioner alleged had counsel "investigated adequately," counsel would have negotiated a better plea or prepared for trial with a "more favorable result." ECF No. 6 at 18. Additionally, Petitioner claimed trial counsel admitted he was ineffective during a visit in July 2022. ECF Nos. 6 at 18, 13-1 at 4. Petitioner makes the same claim in the federal complaint and

6

asserts the failure to conduct a reasonable pretrial investigation led to a failure to present exculpatory evidence, and a failure to obtain favorable testimony which "could have bolstered" Petitioner's affirmative defense. ECF No. 1 at 9–10. Furthermore, Petitioner claims his trial counsel was so ineffective that Petitioner's guilty plea agreement was not knowingly entered; rather it was involuntary. *Id.* at 10, 14.

Third, Petitioner alleged ineffective assistance of appellate counsel where counsel did not argue the *Faretta* issue. ECF Nos. 6 at 11–12, 19, 13-1 at 5. Petitioner repeats those allegations in the federal complaint, and specifically states appellate counsel failed to raise the self-representation *Faretta* claim on direct appeal. ECF No. 1 at 12. Instead, Petitioner argues, appellate counsel raised the issue of the trial court denying a *Marsden* motion, rather than the "significant and most obvious issue on appeal," the trial court's denial of the *Faretta* motion. *Id.*

Fourth, Petitioner contended a conflict of interest existed between his trial counsel and prior counsel due to their personal relationship. ECF Nos. 6. at 12, 13-1 at 4–5. Specifically, Petitioner argued trial counsel and prior counsel were former law school classmates and friends, which interfered with trial counsel's filing of a motion to withdraw Petitioner's plea. ECF Nos. 6 at 18, 13-1 at 4–5. In the federal petition, Petitioner alleges his trial counsel had a conflict of interest with his previous trial counsel, triggering ineffective assistance of counsel. ECF No. 1 at 14. Therefore, his trial counsel could not argue the prior trial counsel was "ineffective as counsel" because trial counsel was burdened to choose between his client and the prior trial counsel with whom he had a personal relationship. *Id.*

Comparing Petitioner's state claims and federal claims, the Court finds they are "substantial[ly] equivalent." *Schiers*, 333 F.2d at 174. Both the sets of claims allege ineffective assistance of trial and appellate counsel, denial of self-representation, and a conflict of interest involving trial counsel. Additionally, each claim is predicated on the same factual background.

Therefore, Petitioner has "fairly presented" his claims to the state court. *Baldwin*, 541 U.S. at 29. As the California Supreme Court has denied Petitioner's state court petition, Petitioner no longer requires more time to present his claims to state court. Petitioner's Request for a Stay and Abeyance Order is therefore **DENIED AS MOOT**.

### C.    First Amended Petition

Petitioner also seeks leave to file a first amended petition. ECF No. 10 at 2.

Petitioner need not apply for permission to file a first amended petition: he may do so as a matter of right. Federal Rule of Civil Procedure 15(a) permits a civil litigant to amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Additionally, Federal Rule of Civil Procedure 15(a) applies to § 2254 habeas petitions "with the same force that it applies to garden-variety civil cases." *Calderon v. United States Dist. Ct.*, 134 F.3d 981, 986 n.6 (9th Cir. 1998) *abrogated on other grounds by Rhines v. Weber*, 544 U.S. 269 (2005); *see also Keating v. Hood*, 191 F.3d 1053, 1067 (9th Cir. 1998) (applying Rule 15(a) to § 2254 habeas petitions).

As Respondent has yet to file a responsive pleading, i.e., an answer, Petitioner may file an amended pleading as a matter of right and does not need the Court's permission to do so.

## III.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's motion to stay and abey as moot.

**IT IS SO ORDERED.**

Dated:  January 12, 2026

HON. MICHELLE M. PETTIT
United States Magistrate Judge