UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

EDUARDO TOLENTINO,

Petitioner,

v.

MICHAEL BETZINGER,[1] Acting Warden,

Respondent.

Case No.: 25-cv-1687-CAB-MMP

**REPORT AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS**

[ECF No. 17]

Petitioner Eduardo Tolentino ("Tolentino"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Pending before the Court is Respondent's Motion to Dismiss, in which Respondent seeks dismissal of the petition without prejudice for failure to comply with the Court's February 10, 2026 Order and failure to prosecute. ECF No. 17 at 2.

This Report and Recommendation is submitted to United States District Judge Cathy Ann Bencivengo pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1(d) and Civil Rule HC.2 of the United States District Court for the Southern District of California. For the following reasons, the Court **RECOMMENDS** the motion to dismiss be **DENIED**.

---

[1] The parties represent Tolentino is currently housed at Pelican Bay State Prison, where Michael Betzinger has been the Acting Warden since December 2025. ECF No. 21 at 2 n.1; ECF No. 17 at 1 n.1. The Court hereby **DIRECTS** the Clerk to substitute Michael Betzinger as Respondent under Federal Rule of Civil Procedure 25(d).

## I. RELEVANT BACKGROUND

Tolentino pled guilty to first-degree murder and child abuse with a firearm enhancement and other related charges and was sentenced to thirty-five years to life in prison. ECF No. 18-1 at 3–4. The California Court of Appeal affirmed the judgment, and the California Supreme Court denied Tolentino's petition for review. *Id.* at 2; ECF No. 18-3 at 1.

Tolentino then filed a petition for writ of habeas corpus in the Superior Court of California for the County of Imperial. ECF No. 18-4. The Superior Court denied his petition, and Tolentino subsequently filed a petition with the California Court of Appeal. ECF No. 18-5; ECF No. 18-6. The Court of Appeal denied his petition on the merits in a reasoned decision issued June 17, 2025. ECF No. 18-7.

On June 24, 2025, Tolentino filed the instant petition in federal court. ECF No. 1.

On July 7, 2025, Tolentino filed his state petition with the California Supreme Court. ECF No. 18-9.

Petitioner filed a motion before this Court to stay and abey the federal petition pending exhaustion of his state petition by the California Supreme Court. ECF No. 5. Petitioner also sought leave to file an amended petition. *Id.*; *see also* ECF No. 10 at 2.

On August 20, 2025, the California Supreme Court denied Tolentino's state petition, thereby exhausting his claims. ECF No. 18-10. Consequently, on January 12, 2026, this Court denied as moot Petitioner's motion to stay and abey the case on the grounds the California Supreme Court already denied Petitioner's state petition. ECF No. 14 at 7–8. The Court also denied as moot Petitioner's request to file an amended petition, noting "Petitioner may file an amended pleading as a matter of right and does not need the Court's permission to do so." *Id.* at 8.

No amended petition was filed, so, on February 10, 2026, the Court issued an order stating, "Petitioner must file his Amended Petition no later than **March 13, 2026**." ECF No. 15 ¶ 1. The Court also set a briefing schedule. *Id.* ¶¶ 2–6.

On May 6, 2026, Respondent filed a Motion to Dismiss seeking to dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) on the grounds Petitioner failed to comply with the Court's February 10, 2026 Order and failed to prosecute this action. ECF No. 17. The Court's Scheduling Order required, should Respondent file a Motion to Dismiss, "Petitioner must file his opposition, if any, to the motion no later than June 8, 2026." ECF No. 15 ¶ 3 (emphasis omitted). No opposition was filed.

On August 11, 2026, this Court issued an order requiring Tolentino to file a response. ECF No. 19. The Court explained:

> The basis of Respondents' pending motion is Petitioner failed to file an Amended Petition in violation of the Court's February 10, 2026 Order. ECF No. 17. Petitioner's original Petition, however, was not found to be deficient; thus, the February 10, 2026 Order was intended to set a deadline for Petitioner to file an Amended Petition, if any. *See* ECF No. 15. The purpose was not to *require* Petitioner amend his Petition to proceed in this action. *See id.* Because ambiguity in the Court's Order may have caused some confusion and given the current procedural posture of this case, the Court will require a response from Petitioner to the pending Motion to Dismiss.

*Id.* at 2. The Court therefore ordered "[n]o later than September 10, 2026, Petitioner SHALL file a response to Respondents' pending Motion to Dismiss indicating whether Petitioner still intends to prosecute this action by proceeding on his original Petition." *Id.* at 2 ¶ 1 (emphasis omitted).

Tolentino timely complied. ECF No. 21. In his opposition, Tolentino states he intends to proceed with his original petition filed June 2025, "on the grounds that Petitioner's original Petition was not found to be deficient and Petitioner has exhausted state court remedies in a timely fashion." *Id.* at 1.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 41(b) provides "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must

weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted).

Although pro se litigants are afforded liberal construction of their pleadings, they must still comply with court-ordered deadlines. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (citation omitted).

## III. DISCUSSION

### A. Violation of Court Order

Respondent contends Tolentino's petition should be dismissed without prejudice because Tolentino violated the Court's February 10, 2026 Order by failing to file an amended petition. ECF No. 17-1 at 9, 11–12. As the Court previously explained, its February 10, 2026 Order was intended to set a deadline for amendment, if any, of the petition; it was not intended to *require* an amended petition. ECF No. 19. Therefore, there is no clear violation of the Court's February 10, 2026 Order.

### B. Failure to Prosecute

Respondent also moves to dismiss this action pursuant to Rule 41(b) based on Tolentino's failure to prosecute his claims for more than three months. ECF No. 17-1 at 9, 11–13. Upon weighing the five factors, the Court finds dismissal is not appropriate.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Here, Tolentino did not file any pleadings with the Court for several months. Accordingly, this factor weighs in favor of dismissal.

The second factor is the Court's "need to manage its docket[.]" *Pagtalunan*, 291 F.3d at 642. The Ninth Circuit has recognized "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Although Tolentino did not file any pleading with the Court for

several months, he was not required to do so either by court order or to proceed with this action. Moreover, Tolentino has since filed an opposition in compliance with the Court's August 11, 2026 Order in which he confirmed his intent to proceed on the original petition. ECF No. 21. This factor is neutral.

Third, the Court considers "the risk of prejudice to defendants/respondents[.]" *Pagtalunan*, 291 F.3d at 642. This factor considers whether the petitioner's actions impaired the respondent's "ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Thomas v. Monterey Cnty.*, 827 F. Supp. 3d 1275, 1281 (N.D. Cal. 2026) (citation omitted). Here, Respondent argues "Tolentino has offered no reason for failing to file an amended petition." ECF No. 17-1 at 13. As discussed above, Tolentino was not required to amend his petition. In acknowledging the ambiguity of its February 10, 2026 Order, the Court required Tolentino to respond to the pending Motion to Dismiss, and Tolentino timely complied. ECF Nos. 19, 21. His opposition confirms his intent to proceed on the merits of the original petition. ECF No. 21. Thus, while briefing on the merits of this case has been delayed, it is not an unreasonable delay; nor is the delay attributable solely to Tolentino. Furthermore, Respondent does not allege any actual prejudice. *See* ECF No. 17 at 12–13. Thus, this factor weighs against dismissal.

The fourth factor is "the availability of less drastic alternatives[.]" *Pagtalunan*, 291 F.3d at 642. Here, less drastic alternatives exist, such as a warning or a formal reprimand. Thus, this factor weighs against dismissal.

Under the final factor, the Court considers "the public policy favoring disposition of cases on their merits." *Id*. The Ninth Circuit has instructed this factor "strongly counsels against dismissal." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). This factor weighs against dismissal.

## IV. CONCLUSION AND RECOMMENDATION

For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** the District Judge issue an Order: (1) approving and adopting this Report and Recommendation and (2) **DENYING** Respondent's Motion to Dismiss.

**IT IS HEREBY ORDERED** any written objections to this Report must be filed with the Court and served on all parties no later than **November 4, 2026**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **November 18, 2026**.

The parties are advised failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated: October 21, 2026

Michelle M. Pettit

HON. MICHELLE M. PETTIT
United States Magistrate Judge